Tommy BAILEY; Barbara Bailey; John Bowden; Cheryl Bowden; Richard Burrows; Wendy Burrows; Bradley Bynum; Rebecca Bynum; Mark Haggard; Roxan Haggard; Joseph Kaulfers; Karen Kaulfers; Mike Melton; Christopher Nause; Houston Neal; Mark Quinn; Jeffrey Shelton; Sandra Spadt; Thomas Spadt; Tony Thompson; Kristina Thompson; Gary Philyaw; Johnny Pilgrim; Lewis Sells; Gerald Wayne Smith; Ron Christopher Hudnall; Estate of Dennis Smith, Plaintiffs–Appellants

v.

LOCKHEED MARTIN CORPORATION; Lockheed Martin Aeronautical Systems Company, Defendants–Appellees.

No. 07–60399
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 2008.

William E. Ready, Ready & Associates, Meridian, MS, C. Michael Quinn, Wiggins, Childs, Quinn & Pantazis, Birmingham, AL, for Plaintiffs–Appellants.

David L. Ayers, Watkins & Eager, Jackson, MS, Daniel E. Turner, Ashe Rafuse & Hill LLP, Atlanta, GA, for Defendants–Appellees.

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM: *

The plaintiffs appeal the district court's grant of summary judgment. This case arises from a workplace shooting by a deranged employee who went on a violent rampage at work, killing and wounding coworkers before turning the gun on himself. The case requires us to interpret Mississippi state workers' compensation law and decide whether the plaintiffs' state law tort claims are barred by the Mississippi workers' compensation law's exclusive remedy. However, we addressed this issue in *Tanks v. Lockheed Martin Corp.*, a case which arose from the same incident and is factually and legally indistinguishable from the case here. 417 F.3d 456 (5th Cir.2005). In *Tanks*, we disagreed with the district court's interpretation of competing lines of Mississippi cases on the subject and reversed, holding that the assaults were exclusively compensable by state workers' compensation law. *Id.* at 468. Therefore, for the reasons listed in *Tanks*, we AFFIRM the grant of summary judgment by the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.